USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 11, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ALBERTO DE LUNA,

                        Plaintiff,

          v.

SUPERINTENDENT M. CAPRA, Sing Sing
Correctional Facility,

                      Defendant.

------------------------------------------------------X

14 Civ. 2975 (KPF) (FM)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

      On November 6, 2015, Chief United States Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report") recommending that Petitioner Alberto de Luna's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that no certificate of appealability should issue. (Dkt. #14). Neither party has filed any objections to the Report. For the reasons set forth below, the Court finds no error in the Report and adopts the Report in its entirety.

## BACKGROUND

      The facts and procedural history of the instant action are set forth in detail in Judge Maas's Report. (*See* Report 2-12). In brief, de Luna was arrested on July 21, 2008, and ultimately indicted on charges of Attempted Murder in the Second Degree (*see* N.Y. Penal Law §§ 110.00, 125.25(1)), Assault in the First Degree (*see* N.Y. Penal Law § 120.10(1)), and two counts of Burglary in the First Degree (*see* N.Y. Penal Law § 140.30(2), (3)), based on

evidence that he went to his girlfriend's apartment and stabbed her multiple times. (*Id.* at 3). De Luna rejected a pretrial plea offer that included a nine-year term of imprisonment, and the People subsequently adopted the position that they would not accept a sentence of imprisonment of less than fifteen years. (*Id.* at 3-4). Consequently, no agreement was reached, and the case proceeded to trial.

During trial, on February 5, 2010, de Luna's girlfriend testified about the attack, identifying de Luna as her assailant. (Report 4). Immediately following her testimony, the trial judge, Justice Robert M. Stolz, declared a recess, during which de Luna agreed to plead guilty to Attempted Murder in the Second Degree in exchange for a recommendation by the People of a fifteen-year sentence accompanied by five years of post-release supervision — a sentence that the court had suggested was the lowest sentence it would accept. (*Id.*). In the ensuing plea colloquy, de Luna affirmed that he understood that by pleading guilty, he was forfeiting his right to appeal his sentence. (*Id.* at 5).

De Luna appeared in front of Justice Stolz for sentencing approximately two weeks later, on February 23, 2010. (Report 7). The presentence report indicated that de Luna wished to withdraw his plea at that time and obtain new counsel, on the grounds that: (i) he lacked full mental capacity at the time of the plea; (ii) he did not understand what he was doing when he pled; (iii) "there was a problem with the interpreter" during the plea; (iv) he did not receive a "proper defense"; (v) he had a "history of mental illness"; (vi) the many adjournments during the court proceedings confused him; and (vii) the victim

lied during her testimony. (*Id.*). In the face of these assertions, de Luna's counsel, Reginald Sharpe, represented to the court that he was not "aware of any legal reason" why de Luna should be permitted to withdraw his plea. (*Id.*). Sharpe did provide the court with an aftercare letter that he described as reflecting (i) de Luna's "history of alcoholism," and (ii) the fact that de Luna had previously been "prescribed certain medications." (*Id.*). Having received this letter, Justice Stolz nevertheless concluded that de Luna had knowingly and intelligently waived his rights and entered his guilty plea in exchange for a fifteen-year sentencing recommendation. (*Id.* at 8). Justice Stolz premised this conclusion both on the sufficiently detailed plea colloquy in which he engaged de Luna, and on the representations of both defense and prosecution counsel that they knew of no reason to believe either that de Luna lacked the competence to be sentenced, or that a competency examination was warranted. (*Id.*). Similarly, none of the multiple attorneys who counseled de Luna during the year-and-a-half pendency of his case had raised the issue of competency, and Sharpe stated that he communicated reasonably well with de Luna and did not doubt the knowing and voluntary nature of de Luna's plea. (*Id.*). Thus Justice Stolz rejected de Luna's attempt to withdraw his plea, and sentenced de Luna to a fifteen-year prison term followed by five years of supervised release. (*Id.* at 9).

De Luna appealed his sentence to the Appellate Division, First Department, contending that (i) his appeal waiver was invalid because Justice Stolz had conflated de Luna's right to appeal with his waived trial rights, and

(ii) his sentence was excessive and should be reduced in the interest of justice. (Report 9).  The Appellate Division summarily affirmed de Luna's sentence on July 7, 2011.  (*Id.*).  De Luna sought leave to appeal, and on November 28, 2011, the New York Court of Appeals granted de Luna's application on the basis that the Appellate Division had failed to indicate the basis of its affirmance of de Luna's conviction.  (*Id.*).

The Appellate Division affirmed de Luna's conviction for a second time on June 14, 2012, this time expressly stating that his "sentence was not excessive." (Report 10).  De Luna sought leave to appeal for a second time on June 29, 2012, and the New York Court of Appeals denied his application on October 3, 2012.  (*Id.*).

On August 4, 2012, de Luna moved to vacate his conviction under Section 440.10 of the New York Criminal Procedure Law (the "CPL"), asserting (i) his lack of competence to enter a plea, and (ii) ineffective assistance of counsel.  (Report 10).  Justice Stolz rejected de Luna's motion on the merits. (*Id.* at 10-11).  De Luna applied for leave to appeal Justice Stolz's denial on April 15, 2013.  (*Id.* at 12).  Justice Karla Moskowitz of the Appellate Division, First Department, denied his application on May 21, 2013.  (*Id.*).

De Luna filed his *pro se* petition for habeas relief in the instant matter on April 21, 2014 (Dkt. #1), once again grounding his entitlement to relief in his assertions that (i) he was not competent to enter a guilty plea and, relatedly, that the trial court had violated his due process rights by failing to order a mental examination or competency hearing, and (ii) he received ineffective

4

assistance from his trial counsel. (Report 2). On June 17, 2014, the Court referred the case to Magistrate Judge Maas. (Dkt. #7). Superintendent Capra filed his opposition to de Luna's Petition on August 18, 2014 (Dkt. #9, 10), and de Luna replied on September 10, 2014 (Dkt. #13). Magistrate Judge Maas issued his Report on November 6, 2015, addressing de Luna's procedural and substantive contentions. (Dkt. #14).

Judge Maas began his analysis by addressing de Luna's assertions that he was suffering from a mental disease or defect at the time of his plea; that he was thus legally incompetent to enter the plea; and that the trial court should have ordered an examination or hearing to assess his competency pursuant to Section 730 of the CPL. (Report 15). Judge Maas found that the record failed to support de Luna's assertions of error in regards to Justice Stolz's finding that de Luna was competent to plead and his failure to hold a competency hearing, given that "the evidence of de Luna's competency was overwhelming." (*Id.* at 18 (noting the observations of de Luna's competency by Justice Stolz, the prosecutor, and the multiple defense attorneys involved in de Luna's case; Justice Stolz's express finding of de Luna's competency; the rationality of the decision to plead after the jury heard the victim's emotional testimony; and de Luna's failure to produce any psychiatric evidence that he was incompetent to stand trial or plead guilty)).

Turning next to de Luna's claim of ineffective assistance of counsel, Judge Maas again determined that de Luna's petition lacked merit, as de Luna had satisfied neither the performance nor the prejudice prong of the test for

5

ineffective assistance set forth by *Strickland* v. *Washington*, 466 U.S. 668 (1984). This was particularly so given that de Luna's entry of a guilty plea waived any claim based on ineffective assistance of counsel prior to the entry of the plea, so long as the plea was knowing and voluntary. (Report 24). As to counsel's failure to request a competency hearing, the record was devoid of evidence either that this failure fell below an objective standard of reasonableness or that it caused him prejudice.

In sum, because de Luna failed to show entitlement to relief on either of his asserted grounds, Judge Maas recommended that de Luna's petition for habeas relief be denied.

Citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Judge Maas advised the parties that they had 14 days from the issuance of the Report to file written objections and, further, that "the failure to file timely objections will result in a waiver of those objections for purposes of appeal." (Report 25-26 (citation omitted)). Neither party has filed an objection.

## DISCUSSION

When a district court assesses the report and recommendation of a magistrate judge, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

6

face of the record." *King* v. *Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted), *aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order); *see also Brown* v. *Time Warner Cable, Inc.*, No. 10 Civ. 8469 (AJN) (RLE), 2012 WL 5878751, at *1 (S.D.N.Y. Nov. 21, 2012); *Gomez* v. *Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."); *see also Thomas* v. *Arn*, 474 U.S. 140, 155 (1985) (holding that Courts of Appeals may adopt rules regarding waivers). This rule applies to both *pro se* and counseled litigants. *See Caidor* v. *Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (concluding that a *pro se* plaintiff waives the right to appellate review by not timely objecting to a report and recommendation, provided the magistrate judge has warned plaintiff and cited the appropriate provisions of the Federal Rules of Civil Procedure and Title 28 of the United States Code).

Here, Judge Maas explicitly informed the parties that they had 14 days after being served with a copy of the Report to file any objections, and further

warned them that failure to file a timely objection would result in a waiver of the right to do so, and a waiver of the right to object on appeal. (Report 25-26). Having received clear notice of the consequences of remaining silent, and having filed no objections, the parties have waived their respective rights to object to the Report and to obtain appellate review of the Report.

Despite the waivers, the Court has reviewed the Report, unguided by objections, and finds it to be well-reasoned and grounded in fact and law. There is no error in Judge Maas's careful analysis. For these reasons, the Report is adopted in its entirety.

## CONCLUSION

De Luna's petition for a writ of habeas corpus is DENIED. Further, since de Luna has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: December 11, 2015
New York, New York

KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Alberto de Luna
10-A-1065
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

8